IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
JUDGE WALKER D. MILLER

Civil Action No. 05-cv-00338-WDM-MJW

CHRISTOPHER J. VALDERAS,

    Plaintiff,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, an Illinois Corporation,

    Defendant.

## ORDER ON MOTION TO DISMISS

Miller, J.

This matter is before me on Defendant State Farm Mutual Automobile Company's ("State Farm") motion to dismiss, filed April 25, 2005. Having considered the parties briefs and the Complaint, I conclude that the motion should be denied for the reasons discussed below.

### Background[1]

On January 12, 2002, while driving a car owned by Thomas Fugett and Heidemarie Fugett-Bordelson ("the Fugetts"), Plaintiff Christopher J Valderas ("Valderas") was injured in a car accident. Since Valderas was driving with the Fugetts' consent, he is entitled to benefits under the Fugetts' insurance policy with State Farm.

---

[1] The following background facts, drawn from the Complaint and the parties' briefs, are undisputed for purposes of the current motion to dismiss.

State Farm, however, claims that Valderas is limited to the statutory minimum level of benefits provided for in the Colorado Auto Accident Reparations Act ("CAARA").[2]  *See* Colo. Rev. Stat. §§ 10-4-701 to 726 (2001).  When these benefits did not cover all of his losses, Valderas sued State Farm, asserting four claims: (1) declaratory relief/reformation; (2) breach of insurance contract; (3) willful and wanton breach of contractual duties; and (4) breach of implied covenant of good faith and fair dealing.  State Farm now moves for dismissal pursuant to Fed. R. Civ. P. 12(b)(6).

## Standard of Review

A motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6) should be granted when it appears beyond doubt that the plaintiff could prove no set of facts entitling it to relief.  *United States v. Colo. Supreme Ct.*, 87 F.3d 1161, 1164 (10th Cir. 1996).  The court must accept as true all well-pleaded facts and construe all reasonable allegations in the light most favorable to the plaintiff.  *Id.*

## Discussion

1.  Statute of Limitations

State Farm first argues that all of Valderas's claims should be dismissed because they are barred by the applicable statutes of limitations.  Central to this argument are letters from State Farm to Valderas that indicate that State Farm informed Valderas soon after the accident that it would only pay the statutory minimum benefits.  In response, Valderas asks that I not consider these documents because they are

---

[2] Although CAARA has since been repealed, it was in full effect at the time of the accident, and the Act governs the issues in this case.

outside the pleadings. *See County of Santa Fe v. Pub. Serv. Co. of N. M.*, 311 F.3d 1031, 1035 (10th Cir. 2002) (noting that in deciding a Rule 12(b)(6) motion, a court may only consider facts alleged within the complaint, mere argument in a response brief, and in some circumstances, documents referred to by the complaint); *Ohio v. Peterson, Lowry, Rall, Barber, & Ross*, 585 F.2d 454, 456 (10th Cir. 1978) (finding that trial court's purported "order of dismissal" was properly considered a summary judgment order because it relied upon matters outside the pleadings)

I agree with Valderas. Although I have discretion to convert State Farm's motion into one for summary judgment and then consider the evidence they have presented, *see* Fed. R. Civ. P. 12(b), I find this approach unwarranted by the circumstances of this case. Here, the parties have already fully briefed a motion for summary judgment that is currently pending before me. Because the summary judgment motion also addresses the statutes of limitations, I will address these issues in deciding that motion.

Therefore, since I will not consider matters outside the pleadings, and because Valderas's Complaint provides insufficient information to determine when the statutes of limitations began to run, dismissal on this ground will be denied.

2.   Writing Requirement

State Farm next moves for dismissal of Valderas's claims to the extent that they rely upon the assertion that insurance benefits described in Colo. Rev. Stat. § 10-4-710 (1994)[3] must be explained in writing. Section 710 mandates that all insurers "shall

---

[3] 1994 is the year that the Fugetts initially purchased the insurance policy from State Farm, and it is at this time that Valderas claims State Farm failed to explain enhanced PIP benefits in writing.

3

offer" enhanced personal injury protection ("PIP") benefits, in addition to the minimum PIP benefits provided for in Colo. Rev. Stat. § 10-4-706.[4]  Although section 710, on its face, does not prescribe the manner in which the offer of enhanced PIP benefits must be made, Valderas claims that subsection 706(4)(a) indicates that this offer must be made in writing.  Subsection 706(4)(a) provides:

> An insurer issuing policies providing coverages *as set forth in this section* shall provide written explanations of *all available coverages* prior to issuing any policy to an insured. After a named insured selects a policy with desired personal injury protection coverage, an insurer shall not be under any further obligation to notify such policyholder in any renewal or replacement policy of the availability of a *basic* personal injury protection policy or of *any alternative personal injury protection coverage.*

(emphasis added).

According to Valderas's interpretation of this subsection, the phrase "all available coverages" refers to the coverages described in both section 706 and in section 710, and the words "as set forth in this section" merely identifies the type of insurer the subsection refers to.  In contrast, State Farm argues that the phrase "as set forth in this section" limits "all available coverages" to those described under section 706.

As a consequence, each side in essence argues that the same language has plain meaning which, presumably, is unambiguous in each's view.  If indeed such is the case, then I must apply the statute as written and not resort to rules of statutory construction.  *See Van Waters & Rogers, Inc. v.  Keelan*, 840 P.2d 1070, 1076 (Colo.

---

[4] These enhanced benefits generally do not contain many of the time or dollar limitations found in a basic PIP policy.

4

1992).  If ambiguity exists, however, then there is a need for interpretation.  *Colorado v. Nieto*, 993 P.2d 493, 502 (Colo. 2000).  A statute is ambiguous if the supposed plain language permits alternative conclusions.  "Where the words chosen by the legislature are unclear in their common understanding, or capable of two or more constructions leading to different results, the statute is ambiguous."  *Id.* at 500-501.

From the parties' arguments I conclude that each urges a reasonable interpretation of § 706 and hence the statute is ambiguous.  The parties fail, however, to present meaningful argument concerning applicable rules of statutory construction that might assist my analysis and decision making.

I am certainly aware that most district courts[5] that have addressed this issue have accepted State Farm's interpretation.  *See e.g.*, *Padhiar v. State Farm Auto. Ins. Co.*, No. CIVA03CV1969CABOES, 2006 WL 517644, at *4 (D. Colo. March 2, 2006); *Stickley v. State Farm Mut. Auto. Ins. Co.*, 402 F. Supp. 2d 1226, 1232-33 (D. Colo. 2005); *Montez v. Am. Family Mut. Ins. Co.*, No. 04CV6448, 2005 WL 2893847, at *2 (Colo. Dist. Ct. May 27, 2005).  I am also aware that others may disagree.  *See Stapish v. Prudential Prop. & Cas. Ins. Co.*, No. 03 RB 718 (MJW), slip op. at 6-7 (D. Colo. Mar. 7, 2005) (attached to Pl.'s Resp. as Ex. D.).

However, neither these cases nor the parties' briefs adequately address issues of statutory construction given the particular section's ambiguity.  Accordingly I conclude that as presented this particular aspect of State Farm's motion to dismiss should be denied without prejudice.

---

[5] At this time, it appears that no appellate court has addressed this issue.

3. <u>Standing</u>

Finally, State Farm argues that Valderas lacks standing to bring claims based upon the "Pedestrian Limitation." Prior to the invalidation of the Pedestrian Limitation in *Brennan v. Farmers Alliance Mutual Insurance Co.,* this limitation was commonly included in Colorado automobile insurance policies. 961 P.2d 550 (Colo. App. 1998). Valderas's claims, however, are not in any way dependant upon the presence or absence of a such a limitation in the Fugetts' policy. Rather, Valderas's claims are based upon an assertion that State Farm failed to comply with their statutory duty to offer enhanced PIP coverages for the Fugetts' policy, and that he is therefore entitled to reformation. *See Thompson v. Budget Rent-A-Car Sys., Inc.*, 940 P.2d 987 (Colo. App. 1997) (holding that an injured passenger who is entitled to PIP benefits, has standing, as a third-party beneficiary, to sue for reformation of an insurance policy). Therefore, State Farm's motion to dismiss will be denied as to this ground.

Accordingly, it is ordered that Defendant's motion to dismiss, filed April 25, 2005 (Docket No. 12), is denied but without prejudice to further argument concerning the writing requirement.

DATED at Denver, Colorado, on March 28, 2006.

BY THE COURT:


s/ Walker D. Miller
United States District Judge