IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
JUDGE WALKER D. MILLER

Civil Action No.  05-cv-00338-WDM-MJW

CHRISTOPHER J VALDERAS,

    Plaintiff,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, an Illinois Corporation,

    Defendant.

**ORDER ON MOTION FOR SUMMARY JUDGMENT**

Miller, J.

This matter is before me on Defendant State Farm Mutual Automobile Insurance Company's (State Farm) motion for summary judgment, filed December 5, 2005.  This case is quite similar to another case I recently granted summary judgment on.  *See Nehls v. Farmers Alliance Mut. Ins. Co*, No. 05-cv-02168, slip op. (D. Colo. Sept. 28, 2006) (attached to this order).  This case, however, involves an issue not present in *Nehls* — class action tolling.

The doctrine of class action tolling provides that the statue of limitations will be tolled for members of a putative class from the date that the class action suit is initiated until the court makes a decision on certification.  *American Pipe & Constr. Co. v. Utah*, 414 U.S. 538 (1974); *Crown, Cork & Seal Co. v. Parker*, 462 U.S. 345 (1983).  However, there is considerable debate about whether plaintiffs forfeit the benefits of class action tolling when they decide to bring an independent action while the putative class is still pending.  *Compare Wyser-Pratte Mgmt. Co. v. Telxon Corp.*, 413 F.3d 553

(6th Cir. 2005); *Glater v. Eli Lilly & Co*, 712 F.2d 735 (1st Cir. 1983) with *Schimmer v. State Farm Mut. Auto. Ins. Co.*, No. 05-cv-2513-MSK, slip op. (D. Colo. Aug. 15, 2006); *Lehman v. United Parcel Service, Inc.*, — F. Supp. 2d —, No. 06-4020-CV-C-NKL, 2006 WL 2280186 (W. D. Mo. Aug. 8, 2006).

In this case, there is no dispute that Valderas is a member of the putative class in *Clark v. State Farm*, Civil Action No. 00-cv-01841-LTB-PAC (D. Colo.). However, in the interests of judicial economy and consistency of outcome, I need not decide the statute of limitation issues involved in this action at this time. Valderas cannot proceed with this action at the same time he continues as a member of the *Clark* class; recovery in one suit would bar recovery in the other. And, it is inefficient for me to rule on these difficult issues before Valderas has definitively decided whether he wishes to proceed in this case rather than as part of the *Clark* class. Therefore, this case will be administratively closed pending notice from Valderas of how he wishes to proceed.

Accordingly, it is ordered that this case is administratively closed pursuant to pursuant to D.C.COLO.LCivR 41.2, but may be reopened upon any party filing a motion to reopen, on or before the date the *Clark* court decides class certification, or September 27, 2007, whichever is later. If no motion to reopen, or motion to extend the deadline is filed by that date, this case shall be dismissed without prejudice without further notice.

DATED at Denver, Colorado, on September 29, 2006.

BY THE COURT:

s/ Walker D. Miller
United States District Judge